Present:  All the Justices

ALAN J. CILMAN

                                        OPINION BY
v.  Record No. 022458        JUSTICE LAWRENCE L. KOONTZ, JR.
                                        June 6, 2003
VIRGINIA STATE BAR

           FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD


     This is an appeal by an attorney from an order of the

Virginia State Bar Disciplinary Board (the Board) suspending his

license to practice law in this Commonwealth for a period of two

years.  The Board imposed the suspension upon determining that

the attorney had failed to comply with the provisions of former

Part 6 § IV Paragraph 13(K)(1) of the Rules of this Court.

Paragraph 13 was rewritten and amended effective September 18,

2002, and former subparagraph (K)(1) became designated as

subparagraph (M).  Although the proceedings before the Board

were conducted prior to that date, the former and current

versions of the Rule are substantially the same for purposes of

conducting our analysis of this appeal.  Accordingly, we will

refer to the current version of the Rule and, for brevity, cite

it as "Paragraph 13(M)" in this opinion.  The dispositive issue

is whether an attorney subject to the sanctions permitted by

Paragraph 13(M) is entitled, in accordance with the provisions

of Code § 54.1-3915, to have that issue tried before a three-

judge court upon making a timely demand for such a trial.

BACKGROUND

In at least four proceedings prior to May 2002, Alan Jay Cilman, a member of the Virginia State Bar (the Bar), was the subject of a disciplinary complaint brought by the Bar. Three of those proceedings were conducted before the Board. In each instance, upon Cilman's failure to comply with the initial terms of the Board's order, his license to practice law was administratively suspended for varying periods of time. In a fourth proceeding, Cilman made a timely demand that the proceedings before the Board be terminated and that further proceedings be conducted before a three-judge court in accordance with the provisions of Code § 54.1-3935 (Chief Justice of this Court to designate three circuit court judges to hear and decide certain cases involving attorney misconduct). The duly convened three-judge court ultimately imposed a one-year suspension of Cilman's license to practice law.

In each of these proceedings, Cilman was advised of the requirements of Paragraph 13(M) that he give notice of his suspension, by certified mail, to his current clients, and to all opposing counsel and presiding judges in pending litigation. Cilman was further advised that he was required to provide the Bar with proof of compliance with these notice requirements and he was provided a form on which to supply that proof. In addition, Cilman was also advised that, under Paragraph 13(M),

the Board would determine his compliance with these notice requirements and that the Board could impose further sanctions if Cilman failed to comply.[1]

On May 2, 2002, the Bar issued a notice and motion to show cause seeking the revocation or an additional suspension of Cilman's license to practice law on the ground that he had failed to comply sufficiently with the notice requirements of Paragraph 13(M) as directed in the prior proceedings in which his license had been suspended. The motion to show cause was served on Cilman by mail on May 17, 2002. On May 20, 2002, Cilman responded to the motion to show cause by letter in which he requested that the matter be heard before a three-judge court.

By order entered May 24, 2002, the Board denied Cilman's request for a three-judge court, finding that Paragraph 13(M) vested the Board with the sole authority to decide issues concerning the adequacy of compliance with the notice requirements of this paragraph. The matter proceeded to a

---

[1] The order of the three-judge court provided that "pursuant to the provisions of [Paragraph 13(M)]" Cilman was directed, among other things, to comply with the notice requirements of that paragraph. The Bar contends this language was sufficient to direct that compliance issues would be reviewed by the Board. We disagree. However, for the reasons subsequently addressed in this opinion, the question whether the court intended for compliance issues to be determined by the Board is not critical to our analysis in this appeal.

hearing before the Board on June 28, 2002.  Cilman renewed his request for a hearing before a three-judge court, and the Board again denied his request.

Because the dispositive issue in this appeal does not invoke our consideration of the merits of the Bar's complaint against Cilman, we need not recount the evidence that was adduced during the June 28, 2002 proceedings.  In brief, the Board found the evidence sufficient to sustain the allegation that Cilman had not complied sufficiently with the notice requirements of Paragraph 13(M) as he was directed in any of the prior proceedings in which his license had been suspended.  By order entered on August 9, 2002, the Board suspended Cilman's license to practice law in the Commonwealth for a further period of two years.  This appeal of right by Cilman followed.

## DISCUSSION

On appeal, Cilman asserts fourteen assignments of error to the proceeding against him before the Board.  However, we need not address each of these assignments of error in light of the conclusion we reach regarding the issue whether the Board erred in denying Cilman's timely demand for a three-judge court to decide the Bar's complaint against him in this case.

The provisions of Code § 54.1-3915 are clear and unambiguous:

4

Notwithstanding the foregoing provisions of this article, the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; nor shall it promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys.  In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

(Emphasis added).

Similarly, the authority conferred on the Board by Paragraph 13(M) to resolve issues arising under this Rule as they relate to an attorney whose license to practice law has been suspended or revoked is plain.  In clear and unambiguous terms, Paragraph 13(M), in pertinent part, provides that:

The Board shall decide all issues concerning the adequacy of the notice and arrangements required herein, and the Board may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of this subparagraph.

Cilman contends that the above quoted provision of Paragraph 13(M) with regard to the authority of the Board is in conflict with the provisions of Code § 54.1-3915, which he further contends grants an attorney subject to discipline for a violation of any rule the right to have the matter tried before a three-judge court.  The Bar responds that Paragraph 13(M) is not in conflict with Code § 54.1-3915 because the enforcement proceedings under Paragraph 13(M) are administrative in nature

5

and are not separate disciplinary proceedings for the violation of a rule.[2] Rather, according to the Bar, such proceedings are merely the continuation of prior proceedings in which an attorney has waived his right to demand a three-judge court or has been ordered by a three-judge court to submit to the Board's authority for the administrative oversight of a disciplinary sanction imposed by the court. Thus, the Bar concludes that an attorney subject to further disciplinary proceedings for an alleged failure to comply with the notice requirements of Paragraph 13(M) is not entitled to have the matter determined by a three-judge court. While we agree with the Bar that Paragraph 13(M) and Code § 54.1-3915 are not in conflict, we disagree with the Bar's conclusion that an attorney subject to discipline for an alleged violation of Paragraph 13(M) is not entitled to have the matter determined by a three-judge court.

Under well-established principles, rules promulgated by this Court under statutory authority are to be construed in a manner consistent and harmonious with that authority. When a statute and a rule of this Court address the same or a related subject matter, the proper construction of the rule "avoids any conflict between rule and statute and permits the two to work

---

[2] In the present case, the proceeding before the Board was given its own docket number. During oral argument of this appeal, counsel for the Bar was unable to offer an explanation for why this was done.

alongside each other in . . . a harmonious manner." Clark v. Butler Aviation, 238 Va. 506, 512, 385 S.E.2d 847, 850 (1989). Accordingly, we will construe Paragraph 13(M) in a manner consistent with the requirement of Code § 54.1-3915 that we not "promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys."

The sanctions of "Revocation or additional Suspension" of an attorney's license to practice law in the Commonwealth permitted by Paragraph 13(M) are significant and obviously intended to be additional means to discipline an attorney determined to have failed to comply with the requirements of this Rule. And Code § 54.1-3915 could not be more plain or express in providing that "[i]n no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule . . . be tried in any other manner." Nothing within the provisions of Paragraph 13(M) purports to "eliminate[] the jurisdiction of the courts to deal with the discipline of attorneys" or to bar an attorney from having an alleged violation of this Rule tried by a three-judge court upon making a timely demand for such a proceeding. Rather, in proper context, Paragraph 13(M) merely contemplates and directs that the Board shall have the initial authority to decide issues of compliance with this Rule's notice requirements. However, when

7

an attorney makes a timely demand for the matter to be tried by a three-judge court, the proceedings before the Board shall terminate, and the Bar shall proceed against the attorney in such a court as provided in Code § 54.1-3935. See former Part 6 § IV Paragraph 13(c)(6)(a)(ii)(currently, Part 6 § IV Paragraph 13(I)(1)(a)(1)(b)).

In short, it is the right of any attorney subject to additional discipline for the alleged violation of Paragraph 13(M) to demand to have the case tried by a court of competent jurisdiction, which removes any conflict between this Rule and Code § 54.1-3915. When the demand is timely made, such demand terminates the Board's authority to continue the proceeding before it. It is of no moment that the alleged violation of this Rule arises from the attorney's failure to comply with a prior order of the Board or from a prior order of a three-judge court. Accordingly, we hold that when Cilman made a timely demand that his alleged violations of Paragraph 13(M) be tried before a three-judge court, the Board's authority in the matter terminated and it had no authority to enter its order of August 9, 2002, which is the subject of this appeal.

### CONCLUSION

For these reasons, we will reverse the order of the Board and remand the case with directions that further proceedings be

8

conducted in accord with the provisions of Part 6 § IV Paragraph 13(I)(1)(a)(1)(b) and Code § 54.1-3915.

Reversed and remanded.