Present:  All the Justices

CURTIS TYRONE BROWN

v.  Record No. 050315    OPINION BY JUSTICE ELIZABETH B. LACY
                                    November 4, 2005
VIRGINIA STATE BAR

FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD

In this appeal of right, Curtis Tyrone Brown challenges the jurisdiction and rulings of the Virginia State Bar Disciplinary Board (Board) in a proceeding in which the Board suspended Brown's license to practice law in this Commonwealth for a period of one year.  The dispositive issue is whether Brown was entitled to a hearing before a three-judge panel when the Virginia State Bar (Bar) stipulated that his demand for such a panel was timely.  Because we conclude that the Bar submitted itself to the jurisdiction of the three-judge panel when it stipulated that Brown's demand was timely, we will reverse the decision of the Board and remand the case for further proceedings before a three-judge panel.

FACTS AND PROCEEDINGS

On September 30, 2003, the First District Subcommittee of the Virginia State Bar served Brown with a Subcommittee Determination (Certification) alleging multiple violations of the Virginia Rules of Professional Conduct.  In response, Brown mailed to the Virginia State Bar Disciplinary System Clerk's Office his demand that proceedings before the Board be

terminated and that further proceedings be conducted before a three-judge panel pursuant to Part Six, § IV, Para. 13(I)(1)(a)(1)(b) of the Rules of Court (2003).[1] The Bar filed an objection arguing that the demand was untimely because it was not filed with the Clerk within 21 days after Brown received the Certification as required by Para. 13(I)(1)(a)(1). The Board entered an order on January 9, 2004 setting a briefing schedule on the Bar's objection and scheduling a telephone conference call to consider the matter. In its response filed pursuant to that order, the Bar withdrew its objection to Brown's demand for a three-judge panel and stipulated that the demand was timely.

Brown responded to the January 9 scheduling order noting that, "the Assistant Bar Counsel has withdrawn his objections to the demand for a three-judge panel, therefore, there are no issues in dispute." Brown again demanded a three-judge panel and asserted that the Board did not have jurisdiction to consider the matter. On January 22, 2004, the Board entered an order stating: "The parties are hereby advised that [the Bar's objection] will be considered at said hearing

---

[1] Part Six, § IV, Para. 13 (I)(1)(a) of the Rules of Court was amended in 2004 and 2005. Because the relevant proceedings in this case began in 2003, we apply the rule as it existed in 2003. Further references to subsections of Part Six, § IV, Para. 13(I)(1)(a) of the Rules of Court (2003) will be cited as "Para. 13(I)(1)(a)" along with the relevant subsections.

notwithstanding Bar Counsel's retraction of the objection to Respondent's demand that further proceedings be conducted before a three-judge court . . . ."

The Board considered the matter by telephone conference call on August 6, 2004 and ruled that the Bar may not waive the 21 day requirement for filing the demand for a three-judge panel because that requirement is jurisdictional. The Board entered an order declaring Brown's demand untimely. Following a hearing, the Board found that Brown violated the Virginia Rules of Professional Conduct and suspended Brown's license for one year. Brown timely appealed to this Court, and this Court stayed suspension of his license pending appeal.

DISCUSSION

At the time Brown filed his demand for a three-judge panel, Para. 13(I)(1)(a)(1) provided in relevant part:

> After a Subcommittee or District Committee certifies a matter to the Board, and the Respondent has been served with the Certification, the Respondent shall, within 21 days after service of the Certification:
> (a) file an answer that shall be conclusively deemed to be a consent to the jurisdiction of the Board; or
> (b) file a demand that the proceedings before the Board be terminated and that further proceedings be conducted pursuant to Va. Code § 54.1-3935, whereupon further proceedings before the Board shall terminate, and Bar Counsel shall file the Complaint required by Va. Code § 54.1-3935.

We have held that the requirements of this Rule, while jurisdictional in nature, do not involve subject matter

3

jurisdiction.  Fails v. Virginia State Bar, 265 Va. 3, 7, 574 S.E.2d 530, 532-33 (2003); Smolka v. Second Dist. Comm. of the Virginia State Bar, 224 Va. 161, 165-66, 295 S.E.2d 267, 269 (1982).  Both the Board and a three-judge panel have subject matter jurisdiction to consider charges of a district disciplinary committee.  The issue in this case is which entity acquired jurisdiction over the parties to the proceeding.

When considering the appropriate forum for a bar disciplinary proceeding, the respondent is analogous to a plaintiff who may choose the court in which to file an action. Under Para. 13(I)(1)(a)(1)(a), when a respondent files an answer to a Certification, the answer is "conclusively deemed to be a consent to the jurisdiction of the Board."  Brown never filed an answer to the Certification and, therefore, did not invoke the jurisdiction of the Board.  Compare Fails, 265 Va. at 7, 574 S.E.2d at 532-33.  Rather, Brown sought to invoke the jurisdiction of the three-judge panel.

The Bar, in a posture analogous to a defendant, may object to the election made by the respondent based on defects in the service of process.  However, like a defendant who objects to defects in the service of process but then enters a general appearance, the Bar may waive those objections.  See Gilpin v. Joyce, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999)

4

(citing Nixon v. Rowland, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951)).  In this proceeding, when the Bar withdrew its objection to Brown's demand for a three-judge panel and stipulated that the demand was timely filed, the Bar submitted itself to the jurisdiction of the three-judge panel.  At that point the Board's jurisdiction over Brown and the Bar terminated.  Therefore, the Board did not have jurisdiction to enter an order suspending Brown's license to practice law.

Accordingly, we will reverse the Board's order of November 24, 2004 and remand the matter with directions to Bar Counsel to "file the Complaint required by Va. Code § 54.1-3935."  Para. 13(I)(1)(a)(1)(b).[2]

Reversed and remanded.

---

[2] Because of this disposition, we need not consider Brown's remaining assignments of error.