PRESENT:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Stephenson, S.J.


WALTER FRANKLIN GREEN, IV

OPINION BY
v. Record No. 070515                    JUSTICE G. STEVEN AGEE
                                         November 2, 2007
VIRGINIA STATE BAR, EX REL.
SEVENTH DISTRICT COMMITTEE

        FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY


WALTER FRANKLIN GREEN, IV

v. Record No. 070731

VIRGINIA STATE BAR

        FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD

    In these appeals of right, we consider the judgment of a three-judge panel convened pursuant to Code § 54.1-3935(B) (the "Panel"), which suspended the license to practice law of Walter Franklin Green, IV for a period of six months.  We also consider the separate Order of a Disciplinary Board (the "Board") of the Virginia State Bar (the "Bar"), which suspended Green's license to practice law for an additional period of forty-five (45) days.  Because of the related nature of these cases, we address both appeals in this opinion.  For the reasons set forth below, we will affirm the judgment and the order.

        I.    APPEAL FROM THE JUDGMENT OF THE PANEL

    A.  Factual Background and Material Proceedings Below


1

Grant A. Richardson, as chair of a Subcommittee of the Seventh District Committee of the Bar (as referenced in Part I herein, the "Subcommittee"), signed a Subcommittee Determination (the "Determination"), which was mailed to Green on March 8, 2006 by Alfred L. Carr, counsel for the Bar (as referenced in Part I, "Bar Counsel"). The Determination recited Subcommittee meetings conducted on June 16, 2005,[1] June 21, 2005,[2] and February 24, 2005,[3] during which the Subcommittee purportedly certified six cases of misconduct by Green in violation of the Rules of Professional Conduct.

The Determination concluded with the certification that "it is the decision of the [S]ubcommittee to certify the Charges of Misconduct to the Virginia State Bar Disciplinary Board." Although Richardson executed the Determination, it did not bear a date for his signature. Further, while Richardson was the Subcommittee chair at each of the referenced meetings, the composition of the Subcommittee was different at each meeting.

Green's answer to the Determination challenged the timeliness of the Determination because he "received the [Determination] over one year after the first subcommittee

---

[1] VSB Docket Number 02-070-3523 (Peter J. Schwartz).
[2] VSB Docket Number 05-070-0206 (Frank A. James).
[3] VSB Docket Number 05-070-2448 (Ron Haynes), VSB Docket Number 05-070-2450 (Ron Haynes), VSB Docket Number 05-070-3011 (Michael Foltz/Linda Cubbage), and VSB Docket Number 05-070-3625 (Bonnie L. Zigler).

convened." Green contended that the delay violated the Subcommittee's duty under Part 6, § IV, ¶ 13(G)(4) to mail a certification "promptly." Green also demanded, pursuant to Code § 54.1-3935, that further proceedings be conducted by a three-judge panel rather than the Board.

The Bar then filed a Complaint and Petition for Rule to Show Cause against Green, incorporating the Determination, in the Circuit Court for Rockingham County, which was verified by an affidavit signed by Bar Counsel. The Panel was then duly appointed by the Chief Justice of this Court. Subsequently, the Panel issued a rule to show cause against Green which ordered him to appear on September 14, 2006 and "show cause why his license to practice law in the Commonwealth of Virginia shall not be revoked or suspended." At hearings on September 14 and November 14, 2006, the Panel considered allegations, as contained in the Determination, that Green violated Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16 and 8.4 of the Rules of Professional Conduct.

In that regard, the Panel considered the following four cases the Determination recited were certified from a February 24, 2005 Subcommittee meeting.

1. Matter of Ron Haynes (Docket Number 05-070-2448)

Green represented Ron Haynes on two felony charges, for which Haynes pleaded guilty, and a civil forfeiture. Green then

3

filed an appeal on behalf of Haynes in the wrong court.  The appeal was dismissed, but Green did not inform Haynes of the dismissal.  Green's accounting ledger for his law practice indicated he paid himself $6,000 before little, if any, work had been accomplished on the matter.  The Panel found by clear and convincing evidence that Green violated Rule 1.1 of the Rules of Professional Conduct.

2.   Matter of Ron Haynes (Docket Number 05-070-2450)

Green also represented Haynes on a number of other criminal charges, upon which Haynes was found guilty.  Haynes retained Green to appeal his convictions, but Green failed to timely file the notice of appeal.  Green failed to inform Haynes that the appeal had been dismissed for failure to timely file the notice of appeal.  Green's accounting ledger reflected a fee of $7,500 to handle the case at trial and a fee of $15,000 to handle the appeal.  Green paid himself both amounts before little, if any, work was done.  The Panel found by clear and convincing evidence that Green violated Rules 1.1 and 1.3(a).

3.   Matter of Michael Foltz/Linda Cubbage
(Docket Number 05-070-3011)

Michael Foltz was sentenced to a lengthy period of incarceration.  Thereafter, his mother, Linda Cubbage, paid Green $2,500 to file a habeas corpus petition on Foltz' behalf.  Foltz suspected that Green failed to perform any work on his

4

behalf and demanded a refund from Green by letter. Green did not respond to Foltz' demand and claimed that he had never spoken to Foltz or Cubbage and had not agreed to file a habeas corpus petition. However, Green's accounting ledger reflected the payment from Cubbage. Green contends that Cubbage hired his associate at the time, Peter Schwartz, but Cubbage and Schwartz disputed this assertion. The Panel found by clear and convincing evidence that Green violated Rules 1.3(a), 1.4(a) and (c), and 1.15.

4. Matter of Bonnie Zigler (Docket Number 05-070-3625)

Bonnie Zigler hired Green to represent her elderly father in a divorce matter and paid Green $5,000 in advance. Green immediately removed the money from his trust account before little, if any, work had been done. Green worked on the case sporadically over a four-month period, but Zigler was dissatisfied with his work. Zigler eventually terminated Green's services and hired another attorney to handle the divorce. Zigler requested an itemization of the work Green performed on the file, along with a refund of $2,500. Green did not respond to her request. The Panel found by clear and convincing evidence that Green violated Rules 1.15(c) and 8.4(b).

5. Other Cases

5

The Panel considered the two following cases represented in the Determination to be certified from Subcommittee meetings on June 16, 2005 and June 21, 2005, and dismissed both cases. The Panel dismissed VSB Docket Number 05-070-0206 (Frank James), concluding that the Bar did not present clear and convincing evidence to prove Green violated the Rules in that matter. The Panel also considered the Subcommittee's certification in a matter concerning Green's former associate, Peter Schwartz (VSB Docket Number 02-070-3523). The Panel dismissed this case because the "Bar did not act promptly as required by Part Six, § IV, Paragraph 13(G)(4) of the Rules of the Supreme Court, thereby prejudicing [Green] with the delay."[4]

On December 29, 2006, the Panel entered a Memorandum Order imposing a six-month suspension of Green's license to practice law in the Commonwealth of Virginia, effective January 1, 2007. Green timely noted his appeal of the Panel's judgment.

---

[4] The Panel found that the Bar failed to prove by clear and convincing evidence any remaining alleged violations of the Rules.

B.  Analysis

In attorney disciplinary proceedings, we review the findings of a three-judge panel under the same standard that we apply to the findings of the Virginia State Bar Disciplinary Board:

> On review we will make an independent examination of the whole record, giving the factual findings . . . substantial weight and viewing them as prima facie correct.  While not given the weight of a jury verdict, those conclusions will be sustained unless it appears they are not justified by a reasonable view of the evidence or are contrary to law.

El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999) (quoting Myers v. Virginia State Bar, 226 Va. 630, 632, 312 S.E.2d 286, 287 (1984) (emphasis omitted)).  Consistent with well-established appellate principles, we view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Bar, the prevailing party below.  Gunter v. Virginia State Bar, 238 Va. 617, 619, 385 S.E.2d 597, 598 (1989).

Green assigns error to the Panel's judgment based on (1) failing to grant his motion to dismiss for lack of jurisdiction; (2) denying his plea in bar regarding the timeliness of the Panel hearings; (3) improperly permitting the Bar to amend its Complaint during the hearing; and (4) finding that he had violated any of the Rules of Professional Conduct.

### 1. Green's Motion to Dismiss

Green first assigns error to the Panel's denial of his motion to dismiss for lack of jurisdiction. Green asserts that the Board was without jurisdiction to consider the charges against him because the basis for the Panel's issuance of the rule to show cause was the result of erroneous information in the Bar's Complaint, particularly the attached Determination.

Green alleges that Bar Counsel first notified the Panel during the hearing that the certifications recited in the Determination were actually made on February 24, 2006 and not on the three dates listed in the Determination: June 16, 2005, June 21, 2005 and February 24, 2005. Green contends he thus did not receive proper notice of the charges against him because there was no prompt mailing of a Determination after the certifications and consequently, the Panel was without jurisdiction to proceed against him.

Green also argues that Bar Counsel failed to inform the Panel before the hearing that the Schwartz matter had already been the subject of certification in 2003 and that the matter had been resolved. Green further contends that the Subcommittee on February 24, 2006 acted improperly when it considered actions and proceedings by other subcommittees when certifying the Determination, and that those actions also deprived the Panel of jurisdiction to proceed against him.

The Bar responds that "Green's argument [relating to his first assignment of error] is wholly unsupported by the record in this matter." The Bar also avers that "Green's argument appears to be based solely upon the typographical error . . . and the timing of the charges brought against him." The Bar contends that the Panel had jurisdiction regardless of the typographical error and other mistakes contained in the Determination, and that the Panel considered the timeliness of the certification and granted Green's motion to dismiss in part based upon the Bar's failure to certify certain charges properly.

Green's contentions about the Panel's failure to grant his motion to dismiss have some superficial appeal, in part, because the Determination and the Bar's other pleadings are poorly prepared and confusing. Essentially, Green argues the mailing of the Determination on March 8, 2006 was not in compliance with the requirement under Part 6, § IV, ¶ 13(G)(4) that the "Subcommittee Chair shall promptly mail a copy of the Certification [Determination]." He also argues the mailing was ineffective because it was apparently done by Bar Counsel instead of Richardson as the Subcommittee chair.

The latter argument has no merit as it is uncontested that Richardson signed the Determination, which was then mailed to Green showing that signature. The fact that the actual mailing

9

of the Determination may have been done by Bar Counsel is of no legal significance and represents "substantial compliance" with the Rules as required by Part 6, § IV, ¶ 13(E). What is of significance is whether that mailing of the Determination was prompt in relation to the Subcommittee certification.

While Green expends considerable effort arguing that the recited June 16, 2005 subcommittee action regarding the Schwartz matter, and the recited June 21, 2005 subcommittee action regarding the James matter, were not prompt certifications through a March 8, 2006 mailing, his point is moot because he prevailed below. The Panel dismissed both matters, and neither formed the basis for the ultimate judgment against Green.

However, Green's argument regarding the February 24, 2005 subcommittee certification is relevant on appeal, although not dispositive. Green argued to the Panel that the Subcommittee could not have properly certified the charges in the recited February 24, 2005 Subcommittee meeting because the Bar's own investigative documents were dated later in the year. In any event, Green argued that the Panel did not have jurisdiction of any of the February 24, 2005 charges because the Rule requirement for prompt mailing was not met as a matter of law by a March 8, 2006 mailing.

At the November 14, 2006 hearing, the Bar responded to Green's arguments and the confusion its pleadings created by

10

representing to the Panel that the February 24, 2005 date was a typographical error and that the Subcommittee actually met on February 24, 2006. The Bar, as further discussed in Part 3, infra, was permitted to amend its Complaint, over Green's objection, to reflect the correct date. The Bar then admitted that the February 24, 2006 Subcommittee actually consolidated and certified all the charges against Green. The Bar admitted that the subcommittees did recite in the Determination that they met on June 16, 2005 (Schwartz) and June 21, 2005 (James), but those subcommittees never certified charges against Green. Instead, the Schwartz and James matters were presented anew to the February 24, 2006 Subcommittee and certified at the same time as the four remaining matters.

Despite the grossly inadequate pleadings of the Bar, the Panel did not err in refusing to sustain Green's motion to dismiss. As noted above, the legal inadequacies of the Schwartz and James matters are of no aide to Green in this appeal as he prevailed on those claims.

We have previously considered the "prompt mailing" provision of Part 6, § IV, ¶ 13(G)(4) and upheld an eleven-month delay in notice of certification, when the attorney is unable to demonstrate how such delay caused him prejudice. Motley v. Virginia State Bar, 260 Va. 251, 536 S.E.2d 101 (2000). As we stated in Motley, "[i]n the absence of a showing of prejudice

11

resulting . . . from the failure to comply with the procedural requirement of prompt mailing contained in Subsection [13(G)(4)], dismissal of the charges against [Green] would be inappropriate."  260 Va. at 258, 536 S.E.2d at 104.

Green has shown no prejudice caused him by virtue of the inaccuracies in the Bar's pleadings or the two-week period that elapsed between the February 24, 2006 Subcommittee action and the March 8, 2006 mailing.  In view of the fact that the remaining four matters before the Panel were actually certified from a February 24, 2006, not 2005, Subcommittee meeting, the March 8, 2006 notice was prompt within the meaning of Part 6, § IV, ¶ 13(G)(4).  Thus, the Panel had jurisdiction over the matters before it and did not err in dismissing Green's motion to dismiss.

However, before turning to Green's other assignments of error, the Court states its strong disapproval of the Bar's performance in this case.  The Bar, as the public body charged with the administration of professional responsibility and ethics of Virginia lawyers, can be held to no lesser standard than the lawyers it regulates.

### 2.  Green's Plea in Bar

Green next assigns error to the Bar's failure to schedule a hearing on the charges of misconduct against him within the 30-

120 day time period in Part 6, § IV, ¶ 13(I)(1), which states in pertinent part:

> After a Subcommittee or District Committee certifies a matter to the Board, and the Respondent has been served with the Certification, the Respondent shall, within 21 days after service of the Certification:
>
> > (a) file an answer to the Certification, which answer shall be deemed consent to the jurisdiction of the Board; or
> >
> > (b) file an answer to the Certification and a demand that the proceedings before the Board be terminated and that further proceedings be conducted pursuant to Va. Code § 54.1-3935; and simultaneously provide available dates for a hearing to be scheduled not less than 30 nor more than 120 days from the demand.

Green contends the Bar is also subject to the 30-120 day time constraints of Part 6, § IV, ¶ 13(I)(1)(b) and that the Panel erred in ruling that the scheduling requirements did not require a hearing within that time limitation. Green cites Part 6, § IV, ¶ 13(I)(3) to identify the Bar's duty to "set a date, time, and place for the hearing" and Part 6, § IV, ¶ 13(E), which provides that "[w]here specific time deadlines are provided, such deadlines shall be jurisdictional" in support of his position. Green contends that the Panel lacked jurisdiction to hear the Complaint because the hearing was held more than 120 days after his demand for proceedings to be conducted by the Panel.

The Bar responds that Part 6, § IV, ¶ 13(I)(1) "does not impose a duty upon the Bar to actually schedule a hearing within

13

that 30-120 day window, nor does it require the Panel to conduct a hearing within that time period."  The Bar insists that Green's suggested interpretation of the Rule would permit Green, or any attorney before a panel, to "avoid prosecution altogether by providing available dates that are not available for the Bar or the Panel."  The Bar notes that while Green provided his available dates, the Bar was unavailable on those dates and attempted to contact Green to schedule a mutually agreeable time, but Green did not respond to calls and letters from the Bar.

In denying Green's plea in bar, the Panel ruled

> because the rule is capable of a couple of
> interpretations, and because the rule is designed to
> protect the public . . . we interpret the rule to
> impose a responsibility on the lawyer who is
> submitting the dates – in this case that being Mr.
> Green – to submit dates within the four-month window
> time frame.
>
> The rule does not then specifically go so far as
> to require the Bar to hold a hearing within that time
> frame.

We have held that the requirements of Part 6, § IV, ¶ 13(I)(1) do not involve subject matter jurisdiction.  Brown v. Virginia State Bar, 270 Va. 409, 412, 621 S.E.2d 106, 108 (2005); Fails v. Virginia State Bar, 265 Va. 3, 7, 574 S.E.2d 530, 532-33 (2003).  We have also stated:

> A proceeding to discipline an attorney is not a
> criminal proceeding and the purpose is not to punish
> him but to protect the public. It is a special

14

> proceeding, civil and disciplinary in nature, and of a summary character. It is in the nature of an inquest or inquiry as to the conduct of the attorney. Being an informal proceeding it is only necessary that the attorney be informed of the nature of the charge preferred against him and be given an opportunity to answer.

Seventh Dist. Committee v. Gunter, 212 Va. 278, 284, 183 S.E.2d 713, 717 (1971).

The Panel clearly had subject matter jurisdiction of the claims against Green and over Green in his capacity as an attorney subject to the imposition of discipline for violation of the Rules of Professional Conduct. The issue is whether Part 6, § IV, ¶ 13(E)(1) applies so that the 30-120 time provision is a "specific time deadline [which is] jurisdictional." We conclude that it does not apply, and thus no jurisdictional impediment existed in this case.

Part 6, § IV, ¶ 13(I)(1)(b) required Green to "provide available dates for a hearing to be scheduled not less than 30 nor more than 120 days from the demand." Under the plain terms of the Rule, however, no such obligation was imposed on the Bar or upon the Panel. While this may appear unfair from the attorney's viewpoint, there is no language in the Rule from which a jurisdictional time deadline can be derived. The Bar is not subject to the same 30-120 day time requirement, and the Rule is devoid of any mandate on the Panel to act within that period. Moreover, even if the Bar were subject to providing

hearing dates, nothing in the Rules would permit the Bar to compel the Panel to set a hearing date at a particular time.

The 30-120 day time provision of Part 6, § IV, ¶ 13(I)(1)(b) operates as a scheduling mechanism rather than a jurisdictional bar such as a statute of limitations or statute of repose. Thus, the failure to schedule a hearing within the 30-120 day window of the Rule did not divest the Panel of jurisdiction to consider the matter. The Panel did not err in dismissing Green's plea in bar.

### 3. Amendment of the Complaint

Green next contends that the Panel improperly permitted the Bar, during the Panel hearing, to correct the typographical errors in the Determination related to the February 24, 2006 Subcommittee certification. At the November 14, 2006 hearing, the Panel asked Bar Counsel to explain the typographical errors, and Bar Counsel explained the confusion about the dates listed in the Determination as discussed above. The Panel then "accept[ed] the Bar's representation . . . that the date of 2/24/2005 . . . was a typo, and the date should be 2/24/2006."

Green avers that "[t]he representation of jurisdictional requisites, especially in a case where there are so many discrepancies and inaccuracies in the Bar's allegations, are material and notice is required." He also contends that Part 6 of the Rules does not provide a mechanism for amending the

Subcommittee certification, and thus the change of dates were "tantamount to a new charge."

The Bar responds that "[t]he amendment, to which Green refers, is a typographical error regarding the date that matters came before the [S]ubcommittee." The Bar contends that the Panel considered whether Green was prejudiced by changing the applicable date from February 24, 2005 to February 24, 2006. The Bar also notes the Panel dismissed the Schwartz matter because of prejudice, but found no prejudice to Green on the other charges by virtue of the typographical error.

Whether to permit the amendment to reflect February 24, 2006 as the correct date of the certification was a matter within the discretion of the Panel. See Blue v. Seventh Dist. Committee, 220 Va. 1056, 1061-62, 265 S.E.2d 753, 756-57 (1980) (factual findings given "substantial weight" under abuse of discretion standard). We conclude the Panel's decision to permit the revised date was not an abuse of its discretion and that the change was not in the nature of an "amendment" to the charges against Green which would be tantamount to a new charge. See Pappas v. Virginia State Bar, 271 Va. 580, 628 S.E.2d 534 (2006).

In Pappas, attorney Nicholas Astor Pappas received notice of a subcommittee determination based on allegations that he violated the Rules of Professional Conduct. 271 Va. at 584, 628

S.E.2d at 536.  During the hearing before a Disciplinary Board on those charges, the Bar sought to amend its certification to include information from a retainer agreement between Pappas and his former client.  Id. at 585, 628 S.E.2d at 536.  The Disciplinary Board granted a continuance and permitted the Bar to amend the certification, introduce the retainer agreement, and also introduce newly-taken deposition testimony of the former client which substantially conflicted with the original certification and Pappas' answer to that certification.  Id. at 584-85, 628 S.E.2d at 536-37.  In holding that the Disciplinary Board erred in permitting the Bar to amend the certification and introduce new evidence at the hearing, we stated "[t]here is no mechanism in Part Six that allows the Board to amend a certification from the District Committee."  Id. at 587, 628 S.E.2d at 538.  We reached that conclusion because "[t]his amendment was tantamount to a new charge," which entitled Pappas to the procedural protections of the Rules.  Id.

Unlike Pappas, the Panel's decision here to accept the corrected date of the Subcommittee certification was not an "amendment" that amounted to a new charge against Green. Instead, the change of date was in the nature of the correction of a clerical error that clarified existing charges and was in no way a new charge.  The charges against Green did not change, no additional evidence was introduced concerning the nature of

18

Green's alleged Rule violations, and Green demonstrated no prejudice by virtue of the amendment. Thus, we find Pappas inapposite in the case at bar and conclude the Panel did not abuse its discretion in permitting the amendment to the Complaint.

4. Green's Violation of the Rules of Professional Conduct

Green's final argument asks: "Did the [Panel] err in finding that [Green] had violated any of the Rules of Professional Conduct?" However, Green did not argue on brief or in oral argument before the Court that the evidence was insufficient for the Panel's findings of misconduct in the Haynes, Foltz and Zigler matters or that the term of suspension was in error. Thus, Green does not contend that the judgment of the Panel was plainly wrong or unsupported by the evidence.

Green's sole argument in support of this assignment of error is that the Panel was without jurisdiction for the reasons he argued regarding his first assignment of error. Having failed to prevail on that argument, as discussed above, Green presents no other basis in support of this assignment of error.

Based on our "independent examination of the whole record, giving the factual findings [of the Panel] substantial weight and viewing them as prima facie correct," El-Amin, 257 Va. at 612, 514 S.E.2d at 165 (emphasis omitted), we find no error in the Panel's judgment that Green violated the Rules of

19

Professional Conduct or in the term of suspension as an appropriate sanction.

For the foregoing reasons, we will affirm the judgment of the Panel, which imposed a six-month suspension of Green's license to practice law.

## II. APPEAL OF THE BOARD ORDER

Green's other appeal is from an Order of the Board which fixed a 45-day suspension of his license to practice law in the Commonwealth. The suspension was imposed so as to commence immediately upon the end of the six-month suspension imposed by the Panel. Green assigns error to the Board's Order on the grounds that (1) the Board imposed an improper enhanced sanction; (2) his demand for a three-judge panel was improperly denied; and (3) the Board failed to consider certain mitigation evidence.

### A. Factual Background and Material Proceedings Below

This case is before us for the third time on appeal. A brief factual history of the proceedings is relevant to the issues raised by the instant appeal.

On June 5, 2003, Rockingham County Circuit Court Judge John J. McGrath, Jr. filed a complaint with the Bar, which described instances of alleged professional misconduct by Green. Pursuant to Part 6, § IV, ¶ 13(G) of the Rules of this Court, a Subcommittee of the Seventh District Committee of the Bar (as

referenced in Part II herein, the "Subcommittee") convened on April 15, 2004 and considered the allegations against Green. The Subcommittee certified charges of Green's misconduct to the Board, contending that Green violated Rules 1.3, 1.4, 3.4, 4.4, and 8.4 of the Virginia Rules of Professional Conduct. The Subcommittee determination was promptly mailed and included a letter notifying Green that pursuant to Part 6, § IV, ¶ 13(I)(1)(a) of the Rules, he had twenty-one days to either file an answer or demand that further proceedings be conducted before a three-judge court in accordance with Code § 54.1-3435. Green timely responded with an answer to the Subcommittee determination stating that he would "enthusiastically embrace the opportunity to participate in a hearing before a panel of the Board."

Following a November 19, 2004 hearing, the Board concluded that Green violated Rule 1.3(a) and 8.4(b) of the Professional Rules of Conduct, and the Board entered an order dated December 21, 2004, which suspended Green's license to practice law in the Commonwealth for sixty (60) days. Green appealed the Board's order to this Court, and we stayed the Board's sanction pending the appeal.

In an unpublished order dated September 16, 2005, this Court affirmed the Board's order, in part, that Green violated Rules 1.3(a) and 8.4(b), but not as to all the charges found by

21

the Board.  We concluded that the evidence did not support all of the Board's findings related to alleged violations of Rule 1.3(a).  Green v. Virginia State Bar, Record No. 050289 (September 16, 2005).  Accordingly, we vacated that part of the Board's order suspending Green's license to practice law for 60 days, and we remanded the case to the Board for reconsideration of an appropriate sanction.  Id.

On remand, the Board advised Green that it would convene a hearing via telephonic conference call to reconsider the sanction.  Green objected and argued he was effectively prevented from presenting evidence to substantiate the allegedly negative impact on his legal practice of an untimely press release by the Bar and other matters in mitigation.  Green also submitted various documents to the Board that he wished to introduce in mitigation of any sanction.  The Board overruled Green's objections and ruled that his proffered documents were irrelevant and inadmissible.  The Board proceeded with the hearing and considered solely the record from the prior hearing on November 19, 2004.  The Board again concluded that a 60-day suspension of Green's license to practice law was warranted and entered an order to that effect on January 24, 2006.

Green appealed that order's 60-day suspension to this Court.  In Green v. Virginia State Bar, 272 Va. 612, 636 S.E.2d 412 (2006), we again reversed the Board, vacated the sanction

and remanded for further proceedings to consider an appropriate sanction.  We found that the Board abused its discretion by failing to permit Green to introduce evidence in mitigation pursuant to Part 6, § IV, ¶ 13(I)(2)(f)(2) of the Rules.  Id. at 616-18, 636 S.E.2d at 415-16.  We stated that "Green was entitled to present evidence tending to mitigate the sanction to be imposed by showing to what extent he had already suffered adverse consequences because of the public dissemination of the . . . Board's findings that he had violated the . . . Rules and the suspension of his license to practice law."  Id. at 617, 636 S.E.2d at 415.

Pursuant to the second remand, the Board reconvened on January 26, 2007, heard argument and received evidence from Green and the Bar, including Green's evidence in mitigation.  On February 28, 2007, the Board issued its Memorandum Order imposing a 45-day suspension of Green's license to practice law in Virginia.  The Order provided for a delayed effective date of the sanction, July 1, 2007, which followed immediately the 6-month suspension imposed by the Panel that ran from January 1, 2007 to June 30, 2007.

## B.  Analysis

Under the same standard of review as set forth in Part I, we now consider Green's assignments of error to the Board's order.

23

1.  Enhancement of Green's Sanction

Green contends that the Board erred because it effectively enhanced the 60-day sanction it originally imposed on November 19, 2004 and which had twice been reversed by this Court.  He argues that the sanction was enhanced "by adding time between the hearing and July 1, 2007 to its sanction."  The crux of Green's argument is that "the sanction is a nine-month suspension" and not one of 45 days.

The Bar responds that the Board has the authority to "state the effective date of the sanction imposed" pursuant to Part 6, § IV, ¶ 13(I)(2)(f)(2) of the Rules and that Green's 45-day suspension "consecutively follows the six-month suspension" imposed against him by the Panel concerning the matters in Part I, which began to run on January 1, 2007 (discussed infra, Part I).  The Bar further argues that the Board did not enhance the sanction against Green because it reduced the 60-day sanction previously imposed to a 45-day sanction.

We agree with the Bar.  Part 6, § IV, ¶ 13(I)(2)(f)(2) of the Rules provides "[i]f the Board concludes that there has been presented clear and convincing evidence that the Respondent has engaged in Misconduct, after considering evidence and arguments in aggravation and mitigation, the Board shall impose one of the following sanctions and state the effective date of the sanction imposed." (Emphasis added.)  The Board, pursuant to the Rules of

24

this Court, has the authority to impose the sanction and to set the effective date of the sanction. In determining the effective date of a sanction, we find that the Board's decision is subject to review for an abuse of discretion.

Here, the Bar imposed Green's sanction and established the effective date the sanction was to commence. The Board did not abuse its discretion when it established the effective date of the sanction as July 1, 2007 because this date immediately followed a separate six-month suspension of Green on other unrelated charges. Green has no basis upon which to claim that the two separate suspensions could be required to run concurrently. See Conner v. Commonwealth, 207 Va. 455, 457-58, 150 S.E.2d 478, 479-80 (1966) (describing a court's authority and the statutory presumption, in the criminal context, for sentences to run consecutively rather than concurrently). Upon consideration of the record in this case, we cannot say the Board abused its discretion in imposing the sanction of 45 days or in its setting the date of July 1, 2007 for that sanction to commence. Thus, Green's first assignment of error is without merit.

2. Green's Demand for a Three-Judge Panel

Green next assigns error to the Board's denial of his request for a three-judge panel. Green notes that after the remand of his second appeal, he demanded that further

25

proceedings be conducted before a three-judge panel and not the Board. Green argues he "could not have foreseen the severity of the damage caused to him" by the Board's untimely release of information about his suspension, and he contends our decision in Cilman v. Virginia State Bar, 266 Va. 66, 580 S.E.2d 830 (2003) supports his claim that his demand for a three-judge court required that further proceedings only be before such a court and not the Board.

The Bar responds that "Green failed to make a timely demand to be tried by a three-judge court" in response to the Subcommittee's initial certification in 2004. The Bar contends that a demand for a three-judge court must be made within twenty-one days after service of the original certification pursuant to Part 6, § IV, ¶ 13(I)(1)(a)(1)(a) of the Rules of this Court, and Green's demand on December 18, 2006 was therefore untimely. The Bar also argues that Green's reliance on our holding in Cilman is misplaced because the attorney in that case was subject to additional discipline on new charges, and only the new charges were entitled to be tried by a three-judge court. We agree with the Bar.

On July 12, 2004, Green responded to the certified charges against him with his "strong preference that this matter be heard and adjudicated by the Board rather than the statutory alternative afforded by [Code] § 54.1-3935." Green never

requested a three-judge panel until after the second remand from this Court. The only issue on remand was the imposition of a sanction based on the previously adjudicated misconduct.

Neither our two previous remands of Green's appeals nor our holding in Cilman supports Green's contention that the continuing adjudication of sanctions on the same charges offers any right to demand a three-judge court more than two years after the twenty-one day initial response period expired.

In Cilman, attorney Alan Jay Cilman had been subject to three separate proceedings before the Board. 266 Va. at 68, 580 S.E.2d at 831. In each instance, his license to practice law had been administratively suspended for varying periods of time. 266 Va. at 68-69, 580 S.E.2d at 831. Cilman failed to meet the requirements imposed upon him by the Board in the three previous proceedings regarding the notification of clients and related matters. Id. The Bar then brought a fourth proceeding to consider Cilman's failure to comply with the prior requirements. In this fourth proceeding, Cilman made a timely demand that further proceedings be conducted before a three-judge court in accordance with the provisions of Code § 54.1-3935. Id. at 69-70, 580 S.E.2d at 832. The Board denied Cilman's demand. Id.

On appeal, we reversed the Board's order and found that Cilman made a timely request for a three-judge panel because the fourth proceeding related to new charges against him with the

27

possibility of additional sanctions and was not simply completion of a pending adjudication.  Id. at 72, 580 S.E.2d at 833.  We explained that Cilman's alleged violation arose from his failure to comply with a prior order of the Board, and he was therefore permitted to request a three-judge court to consider the new charge of a rule violation, which could result in sanctions.  Id.

Unlike Cilman, Green was not subject to new charges in the case at bar.  The Board heard Green's case as he requested in his July 12, 2004 response to the Subcommittee certification. His appeals to this Court raised issues relating only to the matter previously heard and considered by the Board.  Throughout those appeals and our two remands of the Board's imposition of sanctions, no additional charges were brought against Green in this case, so Cilman is inapplicable.  Green's remanded appeal to the Board for reconsideration did not trigger any new right for Green to then request a three-judge court pursuant to Code § 54.1-3915 and Part 6, § IV, ¶ 13(I)(1)(a)(1)(a).  As a result, his second assignment of error is without merit.

### 3.  Consideration of a De Facto Suspension

Green's final assignment of error is that the Board failed to consider the premature dissemination of information about his suspension in its determination of the sanction.  He contends

the Board's improper dissemination of information about him violated Part 6, § IV, ¶ 13(N)(4) of the Rules of this Court.

The Bar responds that at the January 26, 2007 hearing, Green was "afforded the opportunity to present material evidence and argument in mitigation." Additionally, the Bar contends that the Board considered all of the Bar's evidence in aggravation along with Green's evidence in mitigation, before imposing a 45-day suspension. Again, we agree with the Bar.

The record reflects that at the January 26, 2007 hearing, Green was afforded a full opportunity to present material evidence and argument in mitigation of any sanction to be imposed upon him by the Board. Green's primary argument at that hearing was based on the language of Part 6, § IV, ¶ 13(N)(4), which prohibits an official of the Bar from "communicat[ing] with a member of the media or the public concerning a matter that is confidential." Green argued "that there is no way that I could be punished any more than I've been punished for two and a half years . . . and I ask you to take that into consideration."

It is evident from the Board's Order that the Board considered the aggravating and mitigating factors, including any "de facto suspension," before announcing its decision. This information included the newspaper articles and Bar website information introduced by Green. The Board concluded "taking

all of that into consideration, it is the unanimous decision of this panel that Mr. Green's license be suspended for 45 days effective July 1, 2007."

Green was provided a full and fair opportunity to present evidence in mitigation, and the record supports the Bar's position that the Board heard and considered that evidence. Based on our "independent examination of the whole record, giving the factual findings [of the Board] substantial weight and viewing them as prima facie correct," El-Amin, 257 Va. at 612, 514 S.E.2d at 165 (emphasis omitted), we cannot say that the Board abused its discretion in fixing the period of suspension at 45 days to commence July 1, 2007.

### III. CONCLUSION

For the foregoing reasons, we will therefore affirm the Panel's judgment suspending Green's license to practice law for six months, and we will also affirm the Order of the Board, which suspended Green's license to practice law for 45 days.

Affirmed.