**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 10th day of June, 2010.

Jonathon Alden Moseley,                                        Appellant,

     against    Record No. 092126
                 Circuit Court No. CL52390

Virginia State Bar, ex rel.
Seventh District Committee,                                    Appellee.

Upon an appeal of right from a judgment rendered by the Circuit Court of Loudoun County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion there is no error in the memorandum order that is the subject of this appeal.

Jonathon Moseley represented Tracy E. Ammons in a breach of contract action against the Christian Coalition of America (CCA). The CCA argued that the proceedings were stayed by the operation of an arbitration clause in the employment contract. Moseley argued that the contract existed, but that his client did not have a copy; therefore, his client was not sure that there was an arbitration clause.

The circuit court held an evidentiary hearing to determine the contents of the employment contract as regards an agreement to arbitrate. On cross-examination, Ammons admitted that he had given a copy of the employment contract to Moseley and that the contract did contain an arbitration clause. The contract was produced and

Moseley then made a motion for nonsuit, which was granted.[*]

The circuit court sanctioned Moseley and Ammons because they proceeded with their decision to have an evidentiary hearing regarding the existence of an agreement to arbitrate, knowing that the alleged employment contract containing an arbitration clause existed. The circuit court also reprimanded Ammons and Moseley, who filed in excess of eighty pleadings and motions in the case, for using abusive discovery tactics and filing frivolous pleadings. The circuit court stated that Ammons and Moseley conducted the proceeding without any basis and with the goal "to specifically harm, deter, and harass the Defendant through vexatious litigation." Moseley and Ammons were sanctioned and ordered to pay attorney's fees and costs.

After the evidentiary hearing, Roberta Combs, the president of the CCA, filed a complaint with the Virginia State Bar, alleging that Moseley had acted in an unprofessional manner by filing nearly 90 pleadings and also writing letters to the CCA that were unprofessional and intended to intimidate and harass the CCA.

Moseley also wrote a letter to the AAA, stating that the circuit court judge who had adjudicated the evidentiary hearing "was caught engaging in serious misconduct" and that the circuit court judge was the subject of an investigation by the Judicial

---

[*] The case concerning the employment contract proceeded to

Inquiry and Review Commission as a result of this misconduct. Additionally, Moseley sent an email to colleagues in which he stated that the monetary sanctions award entered by the circuit court judge was "an absurd decision from a whacko judge, whom I believe was bribed," and that he believed that opposing counsel was demonically empowered.

After these and other incidents, Moseley's right to practice in the Circuit Court of Arlington County was revoked. Moseley appealed that revocation to this Court, where it was affirmed. In re: Moseley, 273 Va. 688, 643 S.E.2d 190 (2007). The circuit court also referred the issue to the Virginia State Bar and this Court "for consideration of reciprocal revocation of licensure."

The Seventh District Committee of the Virginia State Bar filed a complaint against Moseley, after investigating the various allegations, and charged Moseley with violating Sections 1.7, 3.1, 3.3, 3.4, 3.7, 4.1, 8.2 and 8.4 of the Rules of Professional Conduct. Moseley requested a three-judge circuit court panel (the panel) pursuant to Code § 54.1-3935 and appeared before the panel. At the conclusion of the hearing, the panel found that Moseley had violated Rules 3.3(a)(1), 3.4(e), 3.4(j), 4.1(a), 8.2 and 8.4(a), (b), and (c). The panel suspended Moseley's license to practice law for six months. Moseley appeals.

---

arbitration before the American Arbitration Association (AAA).

Moseley contends that the Rule 8.2 violations were improperly based on private speech that should not have been a predicate for discipline under the Rules of Professional Conduct. He also argues that Rule 8.2 is void for vagueness because it does not distinguish between private attorney speech and public attorney speech. Moseley relies on Anthony v. Virginia State Bar, 270 Va. 601, 609, 621 S.E.2d 121, 126 (2005), for the proposition that a lawyer's right to free speech is limited only by the lawyer's obligation to abstain from public debate that will obstruct the administration of justice.

However, as we have previously stated, public statements by attorneys concerning the integrity of judges and judicial officers are not protected speech because they create a "'substantial likelihood of material prejudice' to the administration of justice." Id. at 610, 621 S.E.2d at 126 (quoting Gentile v. State Bar of Nevada, 501 U.S. 1030, 1074-75 (1991)). Moseley clearly made derogatory statements about the integrity of the judicial officer adjudicating his matters and those statements were made either with knowing falsity or with reckless disregard for their truth or falsity. Therefore we hold that Moseley's contentions that Rule 8.2 is void for vagueness and that his statements were not a proper predicate for discipline under that Rule are without merit.

Moseley also contends that his due process rights were violated. Moseley argues that the disciplinary proceedings are quasi-criminal; therefore, he asserts that the original complaint was not valid because it was not verified by an affidavit that included detailed allegations which could not be amended during the proceedings. Moseley also argues that the panel erred in failing to dismiss as invalid various allegations that never identified the precise conduct violating the rules.

We have previously stated that the proceeding to discipline an attorney is a civil proceeding. Norfolk & Portsmouth Bar Ass'n v. Drewry, 161 Va. 833, 837, 172 S.E. 282, 284 (1934). The primary purpose of such disciplinary proceedings is to protect the public, not punish the attorney. Virginia State Bar v. Gunter, 212 Va. 278, 284, 183 S.E.2d 713, 717 (1971). To that end, "it is only necessary that the attorney be informed of the nature of the charge preferred against him and be given an opportunity to answer." Id. The record reflects that Moseley had adequate notice and opportunity to answer, as he was present for the proceedings and responded not only to the charges of misconduct pending against him, but disputed the underlying facts as well. Further, the Virginia State Bar complied with the statutory requirements of Code § 54.1-3935 by verifying the district committee complaint by affidavit. Therefore, we reject Moseley's contention that his due

process rights were violated by the proceedings before the panel.

Moseley contends that the panel erred in its decision because the actions of the Virginia State Bar were barred by the statute of limitations. As we have previously stated, disciplinary proceedings are not subject to any statute of limitations. See Drewry, 161 Va. at 842, 172 S.E. at 286. The Virginia State Bar did not violate any statute of limitations in filing a complaint against Moseley and we hold that Moseley's claim that it did so is without merit.

Moseley also asserts that the panel's decision is invalid because the Virginia State Bar did not conduct an annual review of the professional regulations governing the practice of law in the Commonwealth as required under Code § 54.1-100. Moseley bases this argument on United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 266-67 (1954), a case in which the Supreme Court of the United States stated that a federal agency's actions may be invalid if the agency fails to follow its own procedures and regulations. We hold that the lack of an annual review did not invalidate the charges of misconduct, nor did the lack of an annual review invalidate the panel's decision to sanction Moseley.

The remainder of Moseley's assignments of error address the sufficiency of the evidence. On appeal, this Court reviews the decision of the three-judge panel and conducts "an independent

examination of the record, considering the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party below," and gives "the factual findings of the three-judge court substantial weight, viewing them as prima facie correct." Barrett v. Virginia State Bar, 272 Va. 260, 268-69, 634 S.E.2d 341, 345-46 (2006). Furthermore, "[t]he factual conclusions, while not carrying the weight of a jury verdict, will be sustained unless they are not justified by the evidence or are contrary to law." Id. at 269, 634 S.E.2d at 346.

We have conducted an independent review of the record and, after considering the evidence and the legal conclusions of the panel, we find that there was sufficient evidence to sustain the panel's findings.

Moseley also argues that a six-month suspension was inappropriate in light of the fact that this Court upheld a reprimand imposed for public comments in Anthony, 270 Va. at 604, 621 S.E.2d at 122. However, upon any finding of misconduct, the panel has the discretion to impose an admonition with or without terms, a public reprimand with or without terms, a suspension of up to five years, or a revocation. See Code § 54.1-3935(D) (providing that "if the attorney is found guilty by the court, his license to practice law in this Commonwealth shall be revoked or suspended for such time as the court may prescribe," and that "[i]n lieu of

7

revocation or suspension, the court may impose any other sanction authorized by Part Six, Section IV, Paragraph 13 of the Rules of Court"); see also Va. Sup. Ct. R., Part 6, § IV, ¶ 13-18(M) (listing available sanctions). In determining whether a particular punishment is appropriate, this Court reviews such decisions for an abuse of discretion. Maddy v. First District Committee, 205 Va. 652, 658-59, 139 S.E.2d 56, 60-61 (1964). Such sanctions imposed are viewed as "prima facie correct" and we will not disturb those sanctions, unless, upon an independent examination of the whole record, we find that the sanctions were unjustified by a reasonable view of the evidence or are contrary to law. Tucker v. Virginia State Bar, 233 Va. 526, 534, 357 S.E.2d 525, 530 (1987).

The panel was within the bounds of the law in imposing a six-month suspension because the panel's factual findings supported numerous violations of the Rules of Professional Conduct. We hold that the six-month suspension imposed upon Moseley was justified by a reasonable view of the evidence and was not contrary to law.

For the foregoing reasons, the judgment of the three-judge panel of the Circuit Court of Loudoun County is affirmed. The appellant shall pay to the appellee thirty dollars damages.

Justice Mims took no part in the consideration of this case.

This order shall be published in the Virginia Reports and shall be certified to the said circuit court.

A Copy,

Teste:

Patricia L. Harrington, Clerk