PRESENT:  All the Justices

NEIL KUCHINSKY

v.    Record No. 131656

VIRGINIA STATE BAR, EX REL.
THIRD DISTRICT COMMITTEE

OPINION BY
JUSTICE ELIZABETH A. McCLANAHAN
April 17, 2014

FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Charles E. Poston, Chief Judge Designate, Ann Hunter Simpson
and Walter W. Stout III, Judges Designate

In this appeal of right from an attorney disciplinary

proceeding before a three-judge panel appointed pursuant to Code

§ 54.1-3935, we consider whether an attorney violated Rules

1.8(a), 3.4(d), and 8.4(a) of the Virginia Rules of Professional

Conduct.

I.   Facts and Proceedings

A. <u>Background and Prior Private Admonition</u>

Neil Kuchinsky is an attorney licensed to practice law in

the Commonwealth.  In March 2008, Dillwyn T. Person ("Person" or

"Dillwyn") hired Kuchinsky to represent him in connection with

Dillwyn's claim for a portion of his father's estate.[1]  Person

and Kuchinsky entered into a contingency fee agreement providing

that Kuchinsky would receive one-third of the first $50,000

recovered, or its fair market value, and one-fourth of anything

recovered in excess of that amount, or its fair market value.

_____

[1] Person's father, Thomas McCoy Person, died intestate.  At the
time of his passing, Thomas Person owned several parcels of land
in the City of Emporia and Greensville County, Virginia.

Kuchinsky then filed a partition suit on behalf of Person against Person's siblings in the Greensville County Circuit Court. After filing the partition suit, Kuchinsky drafted a quitclaim deed, which was executed by Person. The quitclaim deed granted Kuchinsky a 25% interest in any "right, title, and interest" Person may possess in the six parcels of land that were the subject matter of the partition suit against Person's siblings "as well as 25% of any other real estate interest [Person] may have that may appear of record." The quitclaim deed was recorded in the Greensville County Circuit Court.[2]

In December 2008, the Virginia State Bar ("VSB") received a complaint submitted by Dillwyn's brother, Clinton Person. The complaint alleged that Kuchinsky's acquisition of a 25% quitclaim interest in the subject matter of the underlying partition suit was a "clear conflict of interest." In an agreed-upon disposition, a subcommittee of the Third District Committee, Section I, of the VSB, found that Kuchinsky violated Rule 1.8(j) of the Virginia Rules of Professional Conduct by

---

[2] Sometime after the quitclaim deed was recorded, Person dismissed Kuchinsky as his counsel. However, later that year, Person re-employed Kuchinsky and executed a second fee agreement which stated that Person would pay Kuchinsky's attorney's fees for any unproven bar complaints lodged against Kuchinsky, reaffirmed that Kuchinsky had earned "all prior fees" (including the 25% quitclaim interest), and waived potential conflicts of interest in the renewed representation.

acquiring "a proprietary interest in the cause of action or subject matter of litigation."[3]  As a result, Kuchinsky was issued a private admonition without terms on February 18, 2010.

B. Events Occurring After the Private Admonition

On March 24, 2010, an Order was entered in the partition suit between Person and his siblings appointing a Special Commissioner for the purpose of conveying the property that was subject to the suit.  The Special Commissioner then executed a deed conveying to Kuchinsky a 25% interest and to Person a 75% interest in two specific parcels of real estate, 211 Wadlow Street and 640 Clay Street in Emporia, Virginia.  After the deed was issued, Kuchinsky wrote to the Special Commissioner and asked him to "[p]lease file 'our' deed as soon as possible."[4] The Special Commissioner's Deed was then recorded in the Greensville County Circuit Court.

After the Special Commissioner's deed was recorded, Kuchinsky proceeded to file two actions against Person.  First,

---

[3] The subcommittee's determination was based on Kuchinsky's acquisition of the quitclaim deed from Person, as well as his acquisition of a similar interest from another client.

[4] Initially, Kuchinsky had objected to the Special Commissioner's deed, stating that he intended his 25% quitclaim interest to be a "springing attorney's lien for legal work, not as a proprietary interest."  Therefore, Kuchinsky argued, "conveyances and debts set forth by the Commissioner as transferable or payable to Neil Kuchinsky should be permitted to be converted to a deed of trust and note" between himself and Person.

3

Kuchinsky filed a Warrant in Debt against Person in the Greensville County General District Court. The court entered a default judgment against Person for $2,896 in principal, $6,756 in attorney's fees, and $53 in court costs. The same day, Kuchinsky recorded the default judgment as a lien against the jointly owned properties. Secondly, Kuchinsky filed a suit against Person in the Greensville County Circuit Court to partition the jointly owned properties.

Before serving Person in the partition suit, Kuchinsky sought to negotiate an agreement by which Person would pay Kuchinsky for his interest in the properties. Prior to the completion of that transaction, however, Person filed a complaint with the VSB in September 2010 alleging that Kuchinsky "took total advantage of my faith and ignorance in him for his self-interest." Subsequently, during the pendency of the VSB's investigation into Person's complaint, Kuchinsky served Person with notice of the partition suit. The case was referred to the Commissioner in Chancery for Greensville County, who conducted a hearing.[5]

---

[5] Kuchinsky and Person eventually reached an agreement whereby Person signed a promissory note for fees and costs owed to Kuchinsky, secured by a deed of trust. Finally, in November 2011, Kuchinsky executed and recorded a deed conveying his 25% interest in the jointly owned properties back to Person. Subsequently, pursuant to Kuchinsky's request, the Greensville County Circuit Court issued an order of nonsuit in Kuchinsky's partition suit against Person.

4

In June 2012, the VSB filed a Charge of Misconduct against Kuchinsky pursuant to the Rules of the Virginia Supreme Court, Part 6, § IV, ¶ 13-16(A). Specifically, the VSB alleged that Kuchinsky violated Rules 1.8(a), 3.4(d), and 8.4(a)[6] through his conduct towards Person after the issuance of the prior

---

[6] In relevant part, the rules Kuchinsky was charged with violating, all of which appear in Part 6, § II of the Rules of Court, read as follows:

Rule 1.8 – Conflict of Interest: Prohibited Transactions
(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client unless:
  (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;
  (2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and
  (3) the client consents in writing thereto.

Rule 3.4 – Fairness to Opposing Party and Counsel
A lawyer shall not:
                  . . . .
(d) Knowingly disobey or advise a client to disregard a standing rule or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take steps, in good faith, to test the validity of such rule or ruling.

Rule 8.4 – Misconduct
It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.

5

admonition.  After referral to the Third District Committee,

which conducted a hearing, the Committee found, by clear and

convincing evidence, that Kuchinsky had violated Rules 1.8(a),

3.4(d), and 8.4(a) of the Rules of Professional Conduct and

issued Kuchinsky a public reprimand without terms.  The District

Committee then issued a Written Determination explaining its

decision.  In its Determination, the District Committee made

several findings of fact.  Then, in a section titled "Nature of

Misconduct," the District Committee listed the rules that it

found Kuchinsky had violated.  Under each rule, the District

Committee stated that "[r]espondent's actions that violated this

rule include, but are not limited to, the following" and

provided a non-exhaustive list of Kuchinsky's actions it found

to be in violation of each rule.[7]

Kuchinsky filed a notice of appeal and demand for review of

the District Committee's determination by a three-judge panel,

pursuant to Code § 54.1-3935.[8]  After each party submitted

---

[7] The Written Determination also noted that one member of the
Committee dissented from the District Committee's finding that
Kuchinsky violated Rule 3.4(d) by disregarding the VSB's prior
admonition on the basis that the Committee member "did not
believe that the Committee is a 'tribunal' within the
contemplation of the rule."

[8] On the same day, Kuchinsky also filed a Motion to Reconsider
the District Committee's determination on the basis that one of
the Committee members should have recused himself from the
proceedings.  The District Committee denied Kuchinsky's Motion

6

briefs, the panel heard argument and issued an Order holding that there was substantial evidence in the record to support the District Committee's decision. Subsequently, the panel issued a Memorandum Order incorporating the District Committee's findings of fact in full and affirming its decision.

Kuchinsky appeals.

## II. Analysis

A. Standard of Review

To prove that an attorney violated the Rules of Professional Conduct, the VSB must present clear and convincing evidence of the violation. Livingston v. Virginia State Bar, 286 Va. 1, 10, 744 S.E.2d 220, 224 (2013). When reviewing a disciplinary decision by a three-judge panel:

> "[W]e will make an independent examination of the whole record, giving the factual findings . . . substantial weight and viewing them as prima facie correct. While not given the weight of a jury verdict, those conclusions will be sustained unless it appears they are not justified by a reasonable view of the evidence or are contrary to law."

Green v. Virginia State Bar ex rel. Seventh Dist. Comm., 274 Va. 775, 783, 652 S.E.2d 118, 121 (2007) (quoting El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999)). Furthermore, "[c]onsistent with well-established

---

to Reconsider, and the issue raised therein is not before this Court on appeal.

7

appellate principles, we view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Bar, the prevailing party below." Id.

B. Kuchinsky's "Right to a Meaningful Appeal"

In his first assignment of error, Kuchinsky argues that he was deprived of his right to a meaningful appeal because the District Committee's Determination stated under each finding of a Rule violation: "Respondent's actions that violated this rule include, but are not limited to, the following." (Emphasis added.) Because the listings of facts which followed were not exhaustive, Kuchinsky asserts that the three-judge panel could not properly determine which facts the District Committee considered in making its decision.

An attorney subject to disciplinary proceedings is entitled to notice and the opportunity to be heard. Pappas v. Virginia State Bar, 271 Va. 580, 587, 628 S.E.2d 534, 538 (2006). In construing this right, we have held that "it is only necessary that the attorney be informed of the nature of the charge preferred against him and be given an opportunity to answer." Moseley v. Virginia State Bar, 280 Va. 1, 3, 694 S.E.2d 586, 589 (2010) (internal quotation marks omitted). Although we have not previously considered the extent of an attorney's due process rights in the context of an appeal, we have held that "[t]he procedures outlined in Part Six [of the Rules of the Supreme

8

Court of Virginia] ensure the integrity of the disciplinary process and protect the rights of the attorney." <u>Pappas</u>, 271 Va. at 587, 628 S.E.2d at 538.

Part 6, § IV, ¶ 13-16(Y) of the Rules of Court establishes what a District Committee must include in its written determination. Specifically, the Rule states:

> If a District Committee finds that the evidence shows the Respondent engaged in Misconduct by clear and convincing evidence, then the Chair shall issue the District Committee's Determination, in writing, setting forth the following:
>
> 1. Brief findings of the facts established by the evidence;
>
> 2. The nature of the Misconduct shown by the facts so established, including the Disciplinary Rules violated by the Respondent; and
>
> 3. The sanctions imposed, if any, by the District Committee.

In the case at bar, the District Committee's Determination satisfied each of the three requirements. It included findings of fact, explained the nature of Kuchinsky's misconduct that was established by those facts, and stated what sanction was to be imposed. Part 6, § IV, ¶ 13-16(Y) does not require that a District Committee list the specific facts relied upon in finding individual rule violations. Therefore, the District Committee did not err by failing to include an exhaustive list for each violation.

Furthermore, Kuchinsky's argument that the three-judge panel could not ascertain what facts the District Committee considered in making its decision lacks merit.  A three-judge panel appointed pursuant to Code § 54.1-3935 reviews a District Committee determination to determine "whether there is substantial evidence <u>in the record</u> upon which the District Committee could reasonably have found as it did."  Va. Sup. Ct. R., Part 6, § IV, ¶ 13-19(E) (emphasis added).  Thus, in addition to the District Committee's findings of fact, a three-judge panel has the benefit of considering the entire record in reviewing a District Committee's Determination.  Accordingly, we hold that Kuchinsky was not deprived of his right to a meaningful appeal in this case.

C. <u>Rule 1.8(a)</u>

Rule 1.8(a) of the Rules of Professional Conduct states that:

> (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
>
> > (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;
> >
> > (2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

The District Committee found that Kuchinsky violated Rule 1.8(a) through his "continued ownership interest in [Person's] property and his pursuit of a partition of the property pursuant to his interest as set forth in the deed" and through his "failure to formally terminate his representation prior to filing suit against Person in district court and circuit court."

### 1. Kuchinsky Acquired a 25% Interest in Two Specific Properties Through the Special Commissioner's Deed

Kuchinsky argues that his <u>continued</u> interest in Person's property was not an <u>acquisition</u> of an interest in the property. To violate Rule 1.8(a), an attorney must "knowingly <u>acquire</u> an ownership, possessory, security or other pecuniary interest adverse to a client." (Emphasis added.)

While the quitclaim deed gave Kuchinsky a 25% interest in Person's undivided ownership interests in the six properties at issue in the underlying partition suit against Person's siblings, the Special Commissioner partitioned, at Kuchinsky's request as counsel for Person, the various interests in those properties. The Special Commissioner's Deed then conveyed to Kuchinsky a 25% interest and to Person a 75% interest in two of the six properties - to the exclusion of Kuchinsky's other co-tenants' interests implicated by the execution of the quitclaim deed, and to the exclusion of Kuchinsky's interests in the other

11

four properties.  Accordingly, Kuchinsky and Person thereafter exclusively owned the two properties as tenants in common. Thus, only Kuchinsky and Person had the "right to possess, use and enjoy [these two] common propert[ies]," City of Richmond v. Suntrust Bank, 283 Va. 439, 443, 722 S.E.2d 268, 271 (2012) (quoting Graham v. Pierce, 60 Va. (19 Gratt.) 28, 38 (1869)). Moreover, although Kuchinsky initially objected to the Special Commissioner's Deed, he later wrote a letter to the Special Commissioner encouraging him to record it; and Kuchinsky did not disclaim the deed after it was recorded.  Through these actions, Kuchinsky "knowingly acquire[d]" an interest in Person's property for purposes of Rule 1.8(a).

2. The Common Law Exceptions to the Rules of Champerty and Maintenance do not apply to Rule 1.8(a)

Alternatively, Kuchinsky contends that his actions are protected by the common law exception to the doctrine of champerty and maintenance for aiding the indigent.  See 3B Michie's Jurisprudence, Champerty and Maintenance, § 2 ("Aiding the indigent is one of the generally recognized exceptions to the law of maintenance.").  Because Person could not afford to pay an attorney in advance, Kuchinsky argues that his fee arrangement with Person falls within the exception.  We disagree.

12

In relevant part, Comment 16 to Rule 1.8 explains that "Paragraph (j) states the traditional general rule that lawyers are prohibited from acquiring a proprietary interest in litigation. This general rule, which has its basis in common law champerty and maintenance, is subject to specific exceptions developed in decisional law and continued in these Rules." (Emphasis added.) However, unlike the earlier disciplinary proceeding against Kuchinsky, the case at bar does not involve a Rule 1.8(j) violation. There is no common law doctrine which permits an attorney to "knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client" in violation of Rule 1.8(a) simply because the client is indigent.

### 3. Person was Still Kuchinsky's Client at the Time the Offending Conduct Occurred

Finally, Kuchinsky asserts that Person was no longer his client at the time the offending conduct took place because "nothing remained to be done in Person's case" and because Person allegedly informed Kuchinsky that he did not intend to pay Kuchinsky for his services. We reject this argument.

During the hearing before the District Committee, Kuchinsky testified that by the time he filed the partition suit against Person on May 18, 2010 "[t]here may have been some rents that remained to be divided, cash assets" from the underlying

13

partition suit between Person and his siblings. Additionally, Kuchinsky acknowledges on brief that no final order had been entered in the underlying partition suit when he acquired the Special Commissioner's deed and filed his partition suit against Person. Finally, Kuchinsky took no steps to formally withdraw from his representation of Person in accordance with Rule 1.16(b) before engaging in the violative conduct.[9]

Therefore, Person was still Kuchinsky's client at the time he knowingly acquired an interest in Person's property, and we hold that the three-judge panel did not err in affirming the District Committee's finding that Kuchinsky violated Rule 1.8(a) of the Rules of Professional Conduct.

D. Rule 8.4(a)

Rule 8.4(a) of the Rules of Professional Conduct establishes that "[i]t is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another."

As we explained in Part II.C., supra, Kuchinsky violated Rule 1.8(a) by acquiring an interest in Person's property

---

[9] In relevant part, Comment 8 to Rule 1.16 states that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs." Thus, although Person allegedly informed Kuchinsky that he would not honor their fee agreement, the representation continued absent Kuchinsky's withdrawal.

14

through the Special Commissioner's Deed, by asking that the Special Commissioner record the deed, and by pursuing a partition of Person's property once the deed had been recorded. Therefore, he also committed professional misconduct under Rule 8.4(a) by violating the Rules of Professional Conduct, both through his own acts and through the acts of the Special Commissioner.

However, Kuchinsky argues that we should reverse the three-judge panel's finding that he violated Rule 8.4(a) because "a redundancy of charges in disciplinary proceedings is disfavored." In support, Kuchinsky cites Morrissey v. Virginia State Bar, 248 Va. 334, 448 S.E.2d 615 (1994). In Morrissey, a three-judge panel found that Respondent violated DR 1-102(A)(4) of the former Virginia Rules of Professional Responsibility, which stated that "[a] lawyer shall not . . . [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation which reflects adversely on a lawyer's fitness to practice law."[10] Id. at 336, 448 S.E.2d at 616. On appeal, the VSB assigned as cross-error the panel's failure to also find that Respondent had violated former DR 1-102(A)(3), which

---

[10] The panel also found that Respondent violated former DR 8-101, which prohibited a lawyer serving in public office from "[a]ccept[ing] anything of value" when the lawyer "knows or it is obvious that the offer is for the purpose of influencing his action as a public official." However, that portion of the opinion is not relevant to the issue presented by the case at bar.

15

established that "[a] lawyer shall not . . . . [c]ommit a crime or other deliberately wrongful act that reflects adversely on the lawyer's fitness to practice law."  Id. at 334, 448 S.E.2d at 621.  We rejected the VSB's argument and affirmed the panel's decision, holding that "[a]lthough Morrissey's concealments were deliberate and wrongful, we do not think that the language of DR 1-102(A)(3) indicates a clear intent to provide multiple punishment for such acts under the circumstances of this case." Id. (citing Fitzgerald v. Commonwealth, 223 Va. 615, 635, 292 S.E.2d 798, 810 (1982)).

    In contrast to the rules at issue in Morrissey, Rule 8.4(a) clearly supports a finding that an attorney has committed professional misconduct under Rule 8.4(a) in addition to a finding that the attorney violated another underlying Rule of Professional Conduct.  Rule 8.4(a) states that a violation or attempted violation of another rule is professional misconduct. This misconduct provision would be rendered meaningless if it did not provide for the imposition of a separate and additional violation.  It is a "well established rule of construction that a statute ought to be interpreted in such manner that it may have effect, and not be found vain and elusive."  McFadden v. McNorton, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952).  We believe that the same principle applies to our interpretation of the Rules of Professional Conduct.  Accordingly, we hold that

16

the three-judge panel did not err in affirming the District Committee's finding that Kuchinsky violated Rule 8.4(a) of the Rules of Professional Conduct.

E. Rule 3.4(d)

In relevant part, Rule 3.4(d) of the Rules of Professional Conduct states that "[a] lawyer shall not . . . [k]nowingly disobey . . . a standing rule or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take steps, in good faith, to test the validity of such rule or ruling."

The District Committee found that Kuchinsky violated Rule 3.4(d) by "continu[ing] to pursue his ownership interest in Person's property" after receiving the prior admonition from the VSB and by failing to "divest himself of his ownership interest [in Person's property] until one year after he received Person's [bar] complaint." However, the admonition issued to Kuchinsky was a private admonition without terms. The admonition did not require that Kuchinsky divest himself of his interest in Person's property, nor did it indicate that he must refrain from taking additional steps to secure his interest. Rather, it merely stated that Kuchinsky violated Rule 1.8(j) by acquiring the original quitclaim deed from Person. Because the private admonition issued to Kuchinsky did not include terms requiring that Kuchinsky either take or refrain from taking any action, he could not "knowingly disobey" the admonition. Accordingly, we

hold that the three-judge panel erred in affirming the District Committee's finding that Kuchinsky violated Rule 3.4(d) of the Rules of Professional Conduct.[11]

### III. Conclusion

We affirm the three-judge panel's decision with regard to Rules 1.8(a) and 8.4(a), reverse its decision with regard to Rule 3.4(d), and remand the case for reconsideration of the sanction to be imposed.

<u>Affirmed in part,
reversed in part,
and remanded.</u>

---

[11] The related issue of whether a disciplinary arm of the VSB constitutes a "tribunal" for purposes of Rule 3.4(d) is not before this Court on appeal.